UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JAMES THOMAS LEE, JR. ,**

      **Plaintiff,**

v.                                    Case No:  8:20-cv-567-T-02CPT

**MATTHEW KLIMKOSKI and
VINCENT LETO,**

      **Defendants.**
_____/

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Civil Rights Complaint ("Complaint," Doc. 1), filed pursuant to 28 U.S.C. § 1983, and supplement thereto (Doc. 9). Upon review,[1] because Plaintiff has failed to sufficiently set forth his claims, he will be required to amend his complaint if he desires to proceed in this case.

Plaintiff sues Corporal Vincent F. Leto and Officer Matthew Klimkoski of the Tampa Police Department in their individual and official capacities. (Doc. 1 at 2).

---

[1] Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain civil suits brought by prisoners to determine whether the suit should proceed. This review process was implemented in an effort to reduce meritless prisoner litigation. *Green v. Nottingham*, 90 F.3d 415, 417 (10th Cir. 1996); *see* H.R.Rep. No. 104-378, 104th Cong., 1st Sess. 166. The Courts are obligated to screen prisoners' civil rights complaints as soon as practicable and to dismiss those actions which are frivolous or malicious or fail to state a claim for relief. 28 U.S.C. § 1915(e).

He claims he was "arrested for a felony battery due to [D]efendants['] action on the date of 10/22/2019" (Doc. 1 at 4), but on December 6, 2019, he received a letter of release. (Doc. 1 at 5).[2] He claims he, thus, suffered false imprisonment in violation of his Fourteenth Amendment rights under the United States Constitution. (Doc. 1 at 3, 5). Plaintiff claims he suffered emotional distress, mental anguish, loss of self-esteem, negligence, humiliation, loss of reputation, and deprivation of life and liberty, and he seeks compensatory and punitive damages. (Doc. 1 at 5).

First, Plaintiff should note that, in civil rights cases, more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. *Fullman v. Graddick*, 739 F.2d 553, 556-7 (11th Cir. 1984); *Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979).  It is improper for Plaintiff to merely list constitutional or federal rights. Plaintiff must provide support in the "Statement of Facts" for the claimed violations by alleging facts demonstrating how the conditions or actions complained of resulted in a deprivation of his federal constitutional or statutory rights.  Plaintiff must also allege in specific terms how each named defendant was involved in the deprivation of his rights.

---

[2] In Plaintiff's supplement to the Complaint (Doc. 9 at 1–2), he claims Defendants "falsified documents stating that they observed Plaintiff attacking a black female," but that the surveillance video showed he was defending himself.  He attached documentation in support of his allegations.  If Plaintiff desires these, or any other, allegations and documents to be part of the case, he must include them in the Amended Complaint.

Plaintiff claims he was falsely imprisoned due to unspecified actions taken by Defendants. "Where a police officer lacks probable cause to make an arrest, the arrestee has a claim under section 1983 for false imprisonment based on a detention pursuant to that arrest." *Ortega v. Christian*, 85 F.3d 1521, 1526 (11th Cir. 1996). To state a claim for false imprisonment, Plaintiff must state allegations "meet[ing] the elements of common law false imprisonment and establish that the imprisonment resulted in a violation of due process rights under the Fourteenth Amendment." *Id. See also Campbell v. Johnson*, 586 F.3d 835, 840 (11th Cir. 2009). Those elements are: (1) intent to confine, (2) acts resulting in confinement, and (3) consciousness of the victim of confinement or resulting harm. *Id.* Further, "[t]he Fourteenth Amendment Due Process Clause includes the 'right to be free from continued detention after it was or should have been known that the detainee was entitled to release.'" *Id.* (quoting *Cannon v. Macon Cty.*, 1 F.3d 1558, 1563 (11th Cir. 2009)). Thus, Plaintiff must demonstrate that Defendants acted with deliberate indifference, such that Defendants "had subjective knowledge of a risk of serious harm and disregarded that risk by actions beyond mere negligence." *Id.* (citing *West v. Tillman*, 496 F.3d 1321, 1327 (11th Cir. 2007)). Plaintiff has not alleged a lack of probable cause for his arrest or any other facts satisfying this standard.

Second, to the extent that Plaintiff sues Defendants in their official capacity, a claim against a defendant in his official capacity is a suit against the entity of which

the named defendant is an agent — in this case, against the Tampa Police Department. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). An entity such as a municipality or county is not a "person" answerable to Plaintiff in an action under 42 U.S.C. § 1983, unless the actions of the municipality or county rise to the level of a custom or official policy, or if the municipality or county tacitly authorizes the actions or displays deliberate indifference towards the misconduct. *Aldinger v. Howard*, 427 U.S. 1 (1976); *Brooks v. Scheib*, 813 F.2d 1191, 1193 (11th Cir. 1987). Plaintiff has alleged no such custom, policy, tacit authorization, or deliberate indifference.

Finally, Plaintiff should be aware that 42 U.S.C. § 1997e(e) limits a prisoner's ability to pursue a federal civil action for mental or emotional injuries suffered while in custody. Plaintiff must comply with the requirements of this subsection.[3]

Accordingly, it is **ORDERED** that:

1. Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**. Plaintiff shall amend his complaint **within THIRTY (30) DAYS** from the date of this Order.

---

[3] The Court also notes that Plaintiff has attached copies of two grievances related to obtaining religious materials. (Docs. 1-1, 1-2). To the extent that the attachments may represent an attempt to assert a claim related to his religion, he has included no facts or claims related to those grievances in the Complaint. Any such claim is, therefore, dismissed.

a. To amend his complaint, Plaintiff should completely fill out a new civil rights complaint on the form, marking it "Amended Complaint." The amended complaint must include all of Plaintiff's claims in this action; it may not refer back to or incorporate the original complaint. The amended complaint supersedes the previous complaint, and all claims must be raised in the amended complaint.

b. If Plaintiff intends to allege claims that are not related to the same basic issue or incident, then each claim must be addressed in a separate complaint.

c. Plaintiff should file the amended complaint in *this* action by placing the case number in *this* action on a civil rights complaint form and choosing one of the claims (or a set of related claims) to proceed with in this action.

d. In addressing an unrelated claim in a separate complaint, Plaintiff must complete a *new* civil rights complaint form for the unrelated claim.  The Clerk of the Court will then assign a *new* case number for the separate complaint and inform Plaintiff of the new case number.  Plaintiff may, at any time, request more civil rights complaint forms for unrelated claims.

    e. **Plaintiff is advised that failure to fully comply with this Order will result in the dismissal of this action, for failure to state a claim, without further notice.**

2. The Clerk is **DIRECTED** to mail to Plaintiff a copy of the standard civil rights complaint form along with this Order.

3. Plaintiff has filed this action *pro se*, and he is directed that he must immediately advise the Court of any change of address. He shall entitle the paper "Notice to the Court of Change of Address," and he shall not include any motions in it. This notice shall contain only information pertaining to the address change and the effective date of such. Failure to inform the Court of an address change may result in the dismissal of this case without further notice.

**DONE** and **ORDERED** in Tampa, Florida on June 4, 2020.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE